APPEAL,CLOSED,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–01982–RC</u>

| | |
|---|---|
| LOUIS D. BRANDEIS CENTER, INC. et al v. U.S. DEPARTMENT OF EDUCATION et al<br>Assigned to: Judge Rudolph Contreras<br>Cause: 05:551 Administrative Procedure Act | Date Filed: 07/09/2024<br>Date Terminated: 08/14/2025<br>Jury Demand: None<br>Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **LOUIS D. BRANDEIS CENTER, INC.** | represented by | **Mitchell D. Webber**<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>2001 K Street NW<br>Washington, DC 20006<br>202–223–7300<br>Email: mwebber@paulweiss.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **JEWISH AMERICANS FOR FAIRNESS IN EDUCATION** | represented by | **Mitchell D. Webber**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF EDUCATION** | represented by | **Brenda A. Gonzalez Horowitz**<br>DOJ–USAO<br>U.S. Department of Justice<br>601 D Street NW<br>Washington, DC 20530<br>(202) 252–2512<br>Email: brenda.gonzalez.horowitz@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **MIGUEL ANGEL CARDONA**<br>*in his official capacity as Secretary, U.S. Department of Education* | represented by | **Brenda A. Gonzalez Horowitz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**CATHERINE LHAMON**
*in her official capacity as Assistance*
*Secretary, U.S. Department of Education*

represented by **Brenda A. Gonzalez Horowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2024 | 1 | COMPLAINT against MIGUEL CARDONA, CATHERINE LHAMON, U.S. DEPARTMENT OF EDUCATION ( Filing fee $ 405 receipt number ADCDC–11011985) filed by LOUIS D. BRANDEIS CENTER, INC., JEWISH AMERICANS FOR FAIRNESS IN EDUCATION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet, # 6 Summons –Miguel Cardona, # 7 Summons –U.S. Dept. of Education, # 8 Summons –Catherine Lhamon, # 9 Summons –U.S. Attorney General, # 10 Summons –U.S. Attorney's Office for D.C.)(Webber, Mitchell) (Entered: 07/09/2024) |
| 07/09/2024 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LOUIS D. BRANDEIS CENTER, INC. (Webber, Mitchell) (Entered: 07/09/2024) |
| 07/09/2024 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (Webber, Mitchell) (Entered: 07/09/2024) |
| 07/10/2024 | | Case Assigned to Judge Rudolph Contreras. (znmw) (Entered: 07/10/2024) |
| 07/10/2024 | 4 | SUMMONS (5) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 07/10/2024) |
| 07/26/2024 | 5 | AFFIDAVIT of Mailing re U.S. DEPARTMENT OF EDUCATION (Webber, Mitchell) Modified event on 7/26/2024 (znmw). (Entered: 07/26/2024) |
| 07/26/2024 | 6 | AFFIDAVIT of Mailing re MIGUEL CARDONA (Webber, Mitchell) Modified event on 7/26/2024 (znmw). (Entered: 07/26/2024) |
| 07/26/2024 | 7 | AFFIDAVIT of Mailing re CATHERINE LHAMON (Webber, Mitchell) Modified event on 7/26/2024 (znmw). (Entered: 07/26/2024) |
| 07/26/2024 | 8 | AFFIDAVIT of Mailing re United States Attorney General. (Webber, Mitchell) Modified event on 7/26/2024 (znmw). (Entered: 07/26/2024) |
| 07/26/2024 | 9 | AFFIDAVIT of Mailing re United States Attorney. (Webber, Mitchell) Modified event on 7/26/2024 (znmw). (Entered: 07/26/2024) |
| 09/19/2024 | 10 | NOTICE of Appearance by Brenda A. Gonzalez Horowitz on behalf of MIGUEL CARDONA, CATHERINE LHAMON, U.S. DEPARTMENT OF EDUCATION (Gonzalez Horowitz, Brenda) (Entered: 09/19/2024) |
| 09/19/2024 | 11 | Unopposed MOTION for Extension of Time to *File Response to Plaintiffs' Complaint and Proposed Briefing Schedule* by MIGUEL CARDONA, CATHERINE LHAMON, U.S. DEPARTMENT OF EDUCATION. (Gonzalez Horowitz, Brenda) (Entered: 09/19/2024) |
| 09/19/2024 | | MINUTE ORDER granting 11 Defendants' Unopposed Motion for Extension of Time: It is hereby ORDERED that the Defendants' response to 1 Plaintiffs' Complaint shall be filed on or before October 25, 2024. It is FURTHER ORDERED that the Plaintiffs' |

| | | |
|---|---|---|
| | | opposition to Defendants' response shall be filed on or before November 22, 2024. It is FURTHER ORDERED that Defendants' reply shall be filed on or before December 20, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 09/19/2024.(lcrc1) (Entered: 09/19/2024) |
| 10/25/2024 | 12 | MOTION to Dismiss *Plaintiffs' Complaint* by MIGUEL CARDONA, CATHERINE LHAMON, U.S. DEPARTMENT OF EDUCATION. (Gonzalez Horowitz, Brenda) (Entered: 10/25/2024) |
| 11/21/2024 | 13 | Unopposed MOTION for Extension of Time to *File Opposition to Defendants' Motion to Dismiss the Complaint and for Entry of Amended Briefing Schedule* by LOUIS D. BRANDEIS CENTER, INC., JEWISH AMERICANS FOR FAIRNESS IN EDUCATION. (Attachments: # 1 [Proposed] Order)(Webber, Mitchell) (Entered: 11/21/2024) |
| 11/21/2024 | | ORDER granting 13 Consent Motion for Extension of Time: It is HEREBY ORDERED that Plaintiffs' opposition to 12 Defendants' Motion to Dismiss shall be filed on or before December 6, 2024. It is FURTHER ORDERED that Defendants' reply shall be filed on or before January 17, 2025. SO ORDERED. Signed by Judge Rudolph Contreras on 11/21/2024. (lcrc1) (Entered: 11/21/2024) |
| 12/06/2024 | 14 | Memorandum in opposition to re 12 Motion to Dismiss filed by LOUIS D. BRANDEIS CENTER, INC., JEWISH AMERICANS FOR FAIRNESS IN EDUCATION. (Attachments: # 1 Text of Proposed Order)(Webber, Mitchell) (Entered: 12/06/2024) |
| 01/17/2025 | 15 | REPLY to opposition to motion re 12 Motion to Dismiss filed by U.S. DEPARTMENT OF EDUCATION, MIGUEL ANGEL CARDONA, CATHERINE LHAMON. (Gonzalez Horowitz, Brenda) (Entered: 01/17/2025) |
| 08/11/2025 | 16 | ORDER granting 12 Motion to Dismiss. See document for details. Signed by Judge Rudolph Contreras on 8/11/2025. (lcrc1) (Entered: 08/11/2025) |
| 08/11/2025 | 17 | MEMORANDUM OPINION granting 12 Motion to Dismiss. See document for details. Signed by Judge Rudolph Contreras on 8/11/2025. (lcrc1) (Entered: 08/11/2025) |
| 10/10/2025 | 18 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 16 Order on Motion to Dismiss by JEWISH AMERICANS FOR FAIRNESS IN EDUCATION, LOUIS D. BRANDEIS CENTER, INC.. Filing fee $ 605, receipt number ADCDC−12016318. Fee Status: Fee Paid. Parties have been notified. (Webber, Mitchell) (Entered: 10/10/2025) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE LOUIS D. BRANDEIS CENTER, INC., et al.
Plaintiff

vs.                                          Civil Action No. 24-cv-1982-RC

U.S. DEPARTMENT OF EDUCATION, et al.
Defendant

## NOTICE OF APPEAL

Notice is hereby given this **10**     day of **October**          , 20 **25**    , that

THE LOUIS D. BRANDEIS CENTER, INC. and JEWISH AMERICANS FOR FAIRNESS IN EDUCATION

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the **11**          day of **August**          , 20 **25**

in favor of **U.S. DEPARTMENT OF EDUCATION, Linda McMahon and Kimberly Richey**

against said **THE LOUIS D. BRANDEIS CENTER, INC. and JEWISH AMERICANS FOR FAIRNESS IN EDUCATION**

/s/ Mitchell D. Webber
Attorney or Pro Se Litigant

2001 K Street, NW
Washington, DC 20006-1047
+1 202 223 7359

Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

U.S. DEPARTMENT OF EDUCATION,
LINDA MCMAHON in her official capacity as Secretary, and
KIMBERLY RICHEY in her official capacity as Assistant Secretary,
400 Maryland Avenue, S.W., 4th Floor, Washington, D.C. 20202

BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530

Civil Process Clerk, U.S. Attorney's Office for D.C.
601 D Street, NW, Washington, DC 20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| THE LOUIS D. BRANDEIS CENTER, | : | | |
| INC., *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 24-1982 (RC) |
| | : | | |
| v. | : | Re Document No.: | 12 |
| | : | | |
| U.S. DEPARTMENT OF | : | | |
| EDUCATION, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

In 2023, the Louis D. Brandeis Center ("Brandeis Center") filed a complaint with the

Department of Education's Office for Civil Rights ("OCR") claiming that the University of

Pennsylvania had violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*.

Title VI prohibits discrimination on the basis of shared national origin at institutions that receive

federal funding. After two students initiated a federal lawsuit against the university for the same

alleged Title VI violations, OCR dismissed the Brandeis Center's complaint.

The Brandeis Center and its national membership organization, Jewish Americans for

Fairness in Education (together, "Plaintiffs"), then filed this lawsuit against OCR; Linda

McMahon, Secretary of the Department of Education ("DOE"); and Kenneth Marcus, Assistant

Secretary of OCR (collectively, "Defendants").[1] Their three-count complaint alleges that OCR's

---

[1] Originally the complaint named Biden administration officials as defendants, but
pursuant to Federal Rule of Civil Procedure 25(d) they have been automatically substituted by
their successors.

actions violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*., and the Due Process

Clause of the Fifth Amendment.  Defendants have moved to dismiss the complaint.  For the

reasons discussed below, the Court grants their motion.

## II.  BACKGROUND

Because this case is at the pleadings stage, the Court accepts the facts as alleged in the

complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  The Brandeis Center

is a nonprofit corporation that combats antisemitism.  Compl. ¶ 18, ECF No. 1.  According to

Plaintiffs, since fall 2023 the University of Pennsylvania ("Penn") has "enabled blatantly anti-

Semitic activities" to occur on campus.  *Id.* ¶ 3; *see also id.* ¶¶ 32–59.  To that end, in November

2023 the Brandeis Center filed a complaint with OCR alleging that Penn's "failure to protect its

Jewish students" constituted unlawful discrimination under Title VI.  *Id.* ¶¶ 12, 60–63; *see also*

Ex. A to Compl. ("OCR Complaint"), ECF No. 1-1; 34 C.F.R. § 100.7(b) (providing that any

person who believes that discrimination has occurred under Title VI may file a written complaint

with the DOE).  Title VI provides that "[n]o person in the United States shall, on the ground of

race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance."

42 U.S.C. § 2000d.  The Brandeis Center suggested that to address Penn's Title VI violations,

OCR should "ensure that Penn's administration" (1) appoint an independent investigator to look

into antisemitism on campus; (2) enforce the University's code of conduct; (3) adopt a particular

definition of antisemitism; (4) provide instruction on free speech to faculty, staff, and students;

(5) issue a statement that "Penn will forcefully condemn any conduct that harasses members of

the Jewish community"; (6) provide antisemitism education; (7) implement policies to make sure

that Penn does not conduct or finance programming that denies equal protection on the basis of

race, color, or national origin; and (8) issue a statement recognizing that for many Jewish students, Zionism is an integral part of their identity.  OCR Complaint at 26–28.

OCR informed the Brandeis Center that it was opening an investigation into Penn. Compl. ¶ 62; *see also* Ex. B. to Compl. ("OCR Investigation Notice"), ECF No. 1-2.  Included in the letter was a link to OCR's 2022 Case Processing Manual ("Manual"), then in effect.  Compl. ¶ 63; *see also* Ex. C to Compl. ("Case Processing Manual"), ECF No. 1-3.  Section 110(h) of the Manual provided that OCR may close an investigation "[w]here a class action with the same allegation(s) has been filed against the same recipient . . . and the relief sought is the same as would be obtained if OCR were to find a violation."  Case Processing Manual at 13.

In December 2023, two students filed a federal lawsuit against Penn based on the same underlying allegations of antisemitism ("the *Yakoby* lawsuit").  Compl. ¶ 64; *see also* Compl., *Yakoby v. University of Pennsylvania*, No. 2:23-cv-4789 (E.D. Pa. Dec. 5, 2023), ECF No. 1. They asserted claims under Title VI, Pennsylvania's consumer protection laws, and common law breach of contract.  Compl. ¶ 65.  The *Yakoby* lawsuit was not a putative class action.  *Id.* ¶ 66.

Nonetheless, on January 2, 2024, OCR closed its investigation into Penn, invoking Section 110(h) of the Case Processing Manual.  *Id.* ¶ 67; *see also* Ex. D to Compl. ("Notice of Dismissal"), ECF No. 1-4.  OCR conceded that the *Yakoby* complaint was "not filed as a class action," but dismissed the Brandeis Center's complaint because the plaintiffs in *Yakoby* sought "systemic relief."  Notice of Dismissal at 1.  It informed the Brandeis Center that if *Yakoby* was terminated without a decision on the merits or a settlement agreement, it could re-file its administrative complaint.  *Id.*  Pursuant to the 2022 Manual, the Brandeis Center had no right to appeal the dismissal within DOE.  Compl. ¶ 72.  A 2018 version of the Manual had, however, allowed complainants to appeal dismissals in limited circumstances.  *Id.* ¶ 105.

3

The Brandeis Center and its membership organization, Jewish Americans for Fairness in Education ("JAFE"), then filed a three-count complaint in this Court.[2]  Count I alleges that OCR's dismissal of the complaint was arbitrary and capricious under the APA because Section 110(h) of the Claim Processing Manual does not authorize dismissal based on non-class action parallel lawsuits, and because the dismissal was unreasoned.  *Id.* ¶¶ 84–101.  Count II states that OCR's elimination of the right to appeal violated the APA because the agency was required to go through notice and comment before updating the Manual.  *Id.* ¶¶ 102–09.  And Count III alleges that Plaintiffs' due process rights were violated when OCR dismissed their complaint without notice and without allowing for an appeal.  *Id.* ¶¶ 110–17.  For relief, they ask that the Court (1) declare that the dismissal of the Brandeis Center's complaint was unlawful under the APA; (2) declare unlawful OCR's dismissal of any complaint based on the alleged misapplication of Section 110(h) since October 7, 2023; (3) declare that the elimination of the 2018 Manual's right to appeal was unlawful; (4) enjoin Defendants from refusing to reopen and investigate the Brandeis Center's administrative complaint; (5) enjoin Defendants from dismissing any new complaint based on Section 110(h) of the Manual; (6) declare that Defendants' elimination of the appeal right from the 2018 Manual violated the Due Process Clause; (7) enjoin Defendants from removing the right to appeal as provided in the 2018 Manual; (8) enjoin Defendants from violating DOE regulations and the APA in developing future manuals; (9) enjoin Defendants from issuing new versions of the Manual, or implementing material changes to the Manual, without undertaking notice and comment; (10) award Plaintiffs'

---

[2] JAFE's membership includes Penn undergraduates, graduate students, and faculty. Compl. ¶¶ 20–25.  Members of JAFE are automatically members of the Brandeis Center.  *Id.* ¶ 20 n.3.

4

attorneys' fees and costs; and (11) award "such other and further relief" as deemed "just and proper." *Id.* at 27–29.

Defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), arguing that Plaintiffs failed to state a claim for each count and that they lack standing to pursue Counts II and III.  Defs.' Mot. Dismiss & Mem. Supp. ("Mot. Dismiss"), ECF No. 12.  Plaintiffs filed an opposition and Defendants filed a reply.  Pls.' Opp'n Defs.' Mot. Dismiss ("Pls.' Opp'n"), ECF No. 14; Defs.' Reply Further Supp. Mot. Dismiss ("Defs.' Reply"), ECF No. 15.  The motion to dismiss is thus ripe for review.

### III.  LEGAL STANDARDS

### A.  Lack of Subject-Matter Jurisdiction

A motion to dismiss for lack of standing is considered under Federal Rule of Civil Procedure 12(b)(1) because lack of standing is a "defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *M.J. v. District of Columbia*, 401 F. Supp. 3d 1, 7– 8 (D.D.C. 2019).  The plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Because the court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," however, the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (internal quotation marks omitted).  In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider materials outside the pleadings. *All. for*

5

*Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *Jerome Stevens*

*Pharms., Inc.*, 402 F.3d at 1253.

### B. Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2008) (quoting *Twombly*, 550 U.S. at 570). A motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, not a plaintiff's

likelihood of success on the merits. *Gill v. District of Columbia*, 872 F. Supp. 2d 30, 33 (D.D.C

2012). The plaintiff's factual allegations must be sufficient to "raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true," allowing

the court to draw a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 555–

56 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S.

at 678. In deciding whether a complaint fails to state a claim, the Court may consider the facts

alleged in the complaint, any documents either attached to or incorporated in the complaint, and

matters of which the Court may take judicial notice. *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 49

(D.D.C. 2021).

### IV. ANALYSIS

### A. Count I

In Count I, Plaintiffs allege that Defendants violated the APA by dismissing the Brandeis

Center's complaint against Penn in a manner inconsistent with the Case Processing Manual.

Defendants argue that this claim should be dismissed because Plaintiffs have an adequate,

alternative remedy that precludes APA review, and because OCR's actions are committed to agency discretion by law. Mot. Dismiss at 9–16. The Court agrees with their first point.

The APA provides for judicial review of agency actions only if "there is no other adequate remedy in a court." 5 U.S.C. § 704. The operative question is whether Plaintiffs can use the APA to compel OCR to enforce Title VI. *Compare* Mot. Dismiss at 10–12 (arguing no), *with* Pls.' Opp'n at 13–16 (arguing yes). Controlling D.C. Circuit precedent provides the answer: they cannot. *E.g.*, *Wash. Legal Found. v. Alexander*, 984 F.2d 483, 486 (D.C. Cir. 1993); *Council of & for the Blind of Delaware Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1531–33 (D.C. Cir. 1983) (en banc).

In *Women's Equity Action League v. Cavazos*, 906 F. 2d 742 (D.C. Cir. 1990) ("*WEAL*"), then-D.C. Circuit Judge Ruth Bader Ginsburg held that "Congress considered private suits to end discrimination not merely adequate but in fact the proper means for individuals to enforce Title VI." *Id.* at 751. That was true even if "individual actions against discriminators" would be "less effective in providing systemic relief[] than continuing judicial oversight of federal government enforcement." *Id.* Because "situation-specific litigation affords an adequate, even if imperfect, remedy," parties cannot enforce Title VI through the APA. *Id.*

The D.C. Circuit reaffirmed *WEAL* several years later in *Washington Legal Foundation v. Alexander*, 984 F.2d 483 (D.C. Cir. 1993). *Washington Legal Foundation* establishes that if a plaintiff has "an implied right of action under Title VI against the individual college[]," "that alternative remedy operates . . ., by force of 5 U.S.C. § 704, to preclude a remedy under the APA." *Id.* at 486 (citing *Coker v. Sullivan*, 902 F.2d 84, 90 n.5 (D.C. Cir. 1990)). Plaintiffs do not dispute that they have access to a private right of action against Penn. *Cf. Cannon v. Univ. of Chicago*, 441 U.S. 677, 702 n.33, 703 (1979) (interpreting Title VI to encompass an implied

right of action); *see also Lau v. Nichols*, 414 U.S. 563, 566–69 (1974) (same).  That alternative remedy precludes their APA claim.  *See Bochra v. Dep't of Educ.*, No. 22-2903, 2024 WL 808061, at *2 (7th Cir. Feb. 27, 2024) (unpublished) (holding that a student who believed his law school had discriminated against him "could have sued the law school, as a recipient of federal funds, under Title VI of the Civil Rights Act of 1964 to achieve the remedy he seeks" and therefore had no cause of action against OCR under the APA); *Stimac v. Barr*, 10 F.3d 808, 808 (9th Cir. 1993) (unpublished) (holding that the plaintiff had an adequate remedy against his college directly and "thus is not able to bring an action against the Office of Civil Rights (OCR) under the Administrative Procedure[] Act").

Plaintiffs argue that a private action is an inadequate remedy because (1) unlike an OCR action, a private lawsuit would not threaten Penn with the loss of federal funding, and (2) private litigants face a different and more restrictive legal standard than that applicable to OCR investigations.  Pls.' Opp'n at 13–16 (citing *Alexander v. Sandoval*, 532 U.S. 275, 293 (2001)). Those arguments are not persuasive.  Per *WEAL*, it is immaterial that private lawsuits might be "less effective" than agency enforcement.  *WEAL*, 906 F.2d at 750–51.  An "imperfect" alternative remedy still bars APA review.  *Id.*  The D.C. Circuit has repeatedly held that private actions provide an adequate alternative to the APA even when the private action cannot strip the alleged discriminator of federal funding.  *E.g.*, *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (dismissing APA suit against DOE because "the availability of a private cause of action directly against universities that discriminate in violation of Title IX constitutes an adequate remedy"); *see also Skews-Cox v. Georgetown Univ. L. Ctr.*, No. 24-5065, 2024 WL 4248506, at *1 (D.C. Cir. Sep. 18, 2024) ("The district court correctly concluded that a Rehabilitation Act suit against the allegedly discriminating entity provides an adequate

alternative remedy that precludes relief under the Administrative Procedure Act."). Accordingly, the Court will grant Defendants' motion to dismiss Count I as barred by the APA, 5 U.S.C. § 704.[3] The Court does not reach their alternative argument that prosecution of a Title VI complaint is committed to OCR's discretion by law.[4]

## B. Count II

In Count II, Plaintiffs allege that OCR violated the APA by updating the Case Processing Manual in 2022 without undergoing notice and comment. Compl. ¶¶ 72, 102–09. The APA generally requires agencies to give the public notice and an opportunity to comment before a rule issues, though rules of internal agency procedure are exempt. 5 U.S.C. § 553; *see also id.* § (b)(A) (excepting "rules of agency organization, procedure, or practice"). Plaintiffs claim they were injured by the lack of notice-and-comment because OCR removed the 2018 Manual provision that had provided a limited right to appeal the dismissal of some complaints. Compl. ¶ 72. Defendants argue that Plaintiffs lack standing to pursue this claim and, in the alternative, that the Case Processing Manual is a rule of procedure not subject to notice and comment. Mot. Dismiss ¶¶ 16–23. The Court agrees that Plaintiffs do not have standing.

Standing is an "irreducible constitutional minimum" that requires the party invoking the court's jurisdiction to show that it has suffered "an (1) 'injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not

---

[3] Private litigants cannot enforce Title VI's prohibition on actions that have a disparate impact on the basis of race. *See Sandoval*, 532 U.S. at 293; 42 U.S.C. § 2000d-1. Because the Brandeis Center's administrative complaint did not allege disparate impact, *see generally* OCR Complaint, the Court does not consider whether a plaintiff could use the APA to compel OCR to pursue a disparate impact investigation. *See* Compl. ¶ 94.

[4] The Court notes, however, that the Seventh Circuit has adopted that position. *See Bochra*, 2024 WL 808061, at *2 (relying on *Heckler v. Chaney*, 470 U.S. 821, 837–38 (1985) for the proposition that "courts may not review non-prosecution decisions that by statute are committed to the agency's discretion," like enforcement of Title VI).

conjectural or hypothetical'—(2) which is 'fairly traceable' to the challenged act, and (3) 'likely'

to be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560–61; *Nat'l Treasure Emps.*

*Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (quoting *Lujan*, 504 U.S. at 560–

61). In the procedural-rights context, the redressability and imminence requirements are relaxed.

*Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 182–83 (D.C. Cir. 2017). The plaintiff need

not show "that but for the procedural violation the agency action would have been different."

*Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) (citation omitted). Nevertheless, the

plaintiff must "show[] a causal connection between the government action that supposedly

required the disregarded procedure and some reasonably increased risk of injury to its

particularized interest." *Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 664 (D.C. Cir. 1996). In

considering standing at the pleading stage, courts "assume that the plaintiff[s] state[] a valid legal

claim and must accept the factual allegations in the complaint as true." *Holistic Candlers &*

*Consumers Ass'n v. FDA*, 664 F.3d 940, 943 (D.C. Cir. 2012) (internal quotation marks and

citation omitted).

   Defendants argue that Plaintiffs lack standing because the 2018 Case Processing Manual

did not provide a right to appeal when a complaint, like the Brandeis Center's, was dismissed

because of a parallel class action. Mot. Dismiss at 16–20; 23–26. In other words, the changes

between the 2018 and 2022 manuals did not actually injure Plaintiffs because under either

version, the Brandeis Center would not have had a right to appeal the dismissal of its complaint.

*Id.* at 17; Defs.' Reply at 9. Plaintiffs concede that the 2018 Manual did not encompass a right to

appeal dismissals based on parallel class actions. Pls.' Opp'n at 23; Defs.' Reply at 9. But they

claim that they were nonetheless injured because had Defendants provided for notice and

comment, Plaintiffs could have lobbied for an expansion of their appeal rights.  Pls.' Opp'n at 23.

That injury is not particularized.  "[L]osing the ability to comment on agency action in the abstract is a procedural injury insufficient to confer standing." *Ctr. for Biological Diversity v. Haaland*, 849 F. App'x 2, *3 (D.C. Cir. 2021) (unpublished) (per curiam).  Every potential OCR complainant has an interest in the content of the Case Processing Manual and could have, in theory, used the notice and comment process to "seek[] even broader appeal rights."  *See* Pls.' Opp'n at 23.  Plaintiffs have not shown that Defendants' failure to engage in notice-and-comment caused an increased risk of injury to their interests in particular.  *See Fla. Audubon Soc.*, 94 F.3d at 664.  Instead they describe a "procedural right *in vacuo*."  *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

The complaint does not otherwise contain sufficient factual allegations to establish a qualifying injury.  The Court takes as instructive *National Federation of the Blind v. United States Department of Education*, where three advocacy groups challenged the March 2018 Case Processing Manual, which was also issued without notice and comment.  407 F. Supp. 3d 524, 527 (D. Md. 2019); *see also* Pls.' Opp'n at 24–26 (invoking *National Federation of the Blind* as "instructive").  That court concluded that had the plaintiffs "been permitted to participate in a notice-and-comment process, they may have been able to prevent OCR from enacting the challenged provisions of the March 2018 Manual such that they would not have had to engage in [] costly and time-consuming efforts" to respond to the new provisions.  *Nat'l Fed'n Blind*, 407 F. Supp. 3d at 533.  In reaching that decision, the court leaned on the following facts from the complaint: each plaintiff organization "maintain[ed] a regular practice of filing complaints with OCR"; the plaintiffs "affirmatively engage[d] in advising specific members on whether and how

to file an OCR complaint and in fact file[d] such complaints . . . on behalf of their members";
after the new manual was issued, each plaintiff "was forced to go above and beyond its normal
activities to reach out to and assist members whose OCR complaints or appeals might be
dismissed under the March 2018 Manual in order to ensure that each member's claim was still
investigated and resolved"; and the plaintiffs had to "expend[] resources" to edit their internal
and external training materials, which "diverted resources from direct assistance to members."
*Id.* at 531–32.

There are no comparable allegations here.  The complaint states at a high level of
generality that the "Brandeis Center has expended considerable resources in responding to anti-
Semitic activities that have engulfed Penn's campus"; that "Brandeis Center attorneys and staff
have been diverted from other work while dealing with these matters"; and that "[m]embers of
the Brandeis Center have personally been aggrieved by, or have by association been impacted
by, anti-Semitism and discrimination in higher education and K-12."  Compl. ¶ 19; *see also id.*
¶ 6 (stating that the dismissal of the Brandeis Center's complaint "contributed to the escalation of
anti-Semitic activities on Penn's campus"); *id.* ¶ 25 (alleging that "Plaintiffs . . . have been or are
being injured by the Defendants' failure to comply with applicable statutes, regulations and
policy").  None of those alleged harms flow from OCR updating the Case Processing Manual to
eliminate appeal rights.  *See* Mot. Dismiss at 18–19.  And unlike the plaintiffs in *National
Federation of the Blind*, Plaintiffs do not allege that they have any other administrative
complaints pending before OCR, that they directly assist their members in filing complaints with
OCR, that they expended resources updating their materials in response to the changes in the
2022 Manual, or—most importantly—that the changes in the 2022 Manual had any impact on
their or their members' pending OCR complaints.  *See* Defs.' Reply at 10.  Plaintiffs raise some

12

of those facts in their opposition to the motion to dismiss, *see* Pls.' Opp'n at 24–26, but it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *E.g.*, *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (citation omitted).  The complaint also does not contain any allegations that the updated Case Processing Manual directly harmed Plaintiffs' members, which would be necessary to establish associational standing.  Mot. Dismiss at 19; *see* Compl. ¶ 23 (stating in a conclusory manner that Plaintiffs' members' "civil rights have been limited by OCR's pattern of wrongfully dismissing campus anti-Semitism complaints" without alleging any facts showing such a pattern); Defs.' Reply at 10 (stating that Plaintiffs' complaint failed to refer to any other administrative complaints pending with OCR).

And Plaintiffs lack standing for yet another reason.  In February 2025, OCR again updated the Case Processing Manual.[5]  *See* U.S. Dep't of Educ. Off. Civil Rights, *Case Processing Manual* (Feb. 19, 2025), https://perma.cc/HM79-D9WY.  Plaintiffs have not alleged any ongoing or new injury arising from the 2025 Manual.  They have also not shown that their alleged injuries could be redressed by an order setting aside the 2022 Manual, which is no longer in effect.  *See Nat'l Fed'n Blind*, 407 F. Supp. 3d at 535 (holding that plaintiffs had not established redressability when the version of the Case Processing Manual challenged in their complaint was no longer operative).  Plaintiffs seem to effectively concede this point.  *See* Pls.' Opp'n at 26 n.14 (differentiating this action from *National Federation of the Blind*, where the court found no redressability, because the "at-issue manual is still in effect").

---

[5] Although neither party brought the 2025 Manual to the Court's attention, a court may "take judicial notice of information posted on official public websites of government agencies." *Arabzada v. Donis*, 725 F. Supp. 3d 1, 10 (D.D.C. 2024).

13

One additional point.  In their complaint, Plaintiffs ask that the Court order Defendants to reinstate "all other OCR investigations unlawfully dismissed under [the parallel class action provision] since October 7, 2023," and that the Court declare any such dismissal as unlawful. Compl. ¶ 17; *see also id.* at 28.  Because Plaintiffs have not even attempted to satisfy the requirements for third-party standing, the Court does not have jurisdiction to order relief on behalf of those unidentified third parties.  *See Turner v. U.S. Agency for Glob. Media*, 502 F. Supp. 3d 333, 361 (D.D.C. 2020) (describing the requirements for third-party standing).

For the reasons described above, the Court agrees with Defendants that Plaintiffs lack standing to pursue their APA claim.  The Court therefore does not reach Defendants' alternative argument that the Case Processing Manual is a type of agency action not subject to the APA's notice-and-comment requirement.

## C.  Count III

Finally, the Court turns to Count III, where Plaintiffs allege that the lack of appeal rights in the 2022 Manual and the dismissal of their complaint without advanced notice violates the Due Process Clause.  Compl. ¶¶ 110–17.  They base this claim on DOE regulations that require OCR to investigate when a complaint "indicates a possible failure to comply" with Title VI.  *Id.* ¶ 114 (citing 34 C.F.R. § 100.7(c)).  For the same reasons as described in Part IV(B), the Court concludes that Plaintiffs have not shown a redressable injury-in-fact, so they lack standing.  The Court also notes that, under controlling D.C. Circuit law, "an agency's failure to process discrimination complaints in the manner required by federal statutes and regulations does not deprive complainants of constitutional rights."  *WEAL*, 906 F.2d at 752; *see also Council of & for the Blind*, 709 F.2d at 1533–34 (stating the same and that otherwise "court[s] would be swamped with constitutional claims because every agency deviation from the statutory norm

14

would raise constitutional questions").  One federal court of appeals has concluded that OCR's

Case Processing Manual specifically does not give rise to a cognizable property or liberty

interest.  *Bochra*, 2024 WL 808061, at *2 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250

(1983)); *see also Council of & for the Blind*, 709 F.2d at 1534 (holding that there is no liberty or

property interest in the "right[] to administrative assistance in the vindication of underlying,

fundamental statutory and constitutional interests" where "[t]he interests themselves have not

been lost, only the help that Congress intended charging parties receive in vindicating those

rights") (quoting *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 18 (1st Cir. 1979)).  The Court

agrees with Defendants that all three counts in the complaint must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 12) is GRANTED.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 11, 2025                                          RUDOLPH CONTRERAS
                                                                 United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC., *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 24-1982 (RC) |
| | : | | |
| v. | : | Re Document No.: | 12 |
| | : | | |
| U.S. DEPARTMENT OF EDUCATION, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### GRANTING DEFENDANTS' MOTION TO DISMISS

For the reasons stated in the Court's Memorandum Opinion separately and contemporaneously issued, Defendants' motion to dismiss (ECF No. 12) is **GRANTED**.

**SO ORDERED**.

Dated:  August 11, 2025                                        RUDOLPH CONTRERAS
                                                                       United States District Judge